### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EURAINA JERRY** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 21-3658** |
| | : | |
| **MOORE COLLEGE OF** | : | |
| **ART AND DESIGN** | : | |

---

| | | |
|---|---|---|
| **EURAINA S. JERRY** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 21-4177** |
| | : | |
| **MOORE COLLEGE OF** | : | |
| **ART AND DESIGN** | : | |

---

**McHUGH, J.**                                                                            **March 10, 2022**

### MEMORANDUM

This action arises out of a dispute between Plaintiff and Moore College of Art and Design. Plaintiff filed suit regarding issues stemming from her daughter's attendance at Moore, including her federal student loan debt and Moore's withholding of her daughter's transcript.  The Court previously granted Defendant's Motion to Dismiss, but gave Plaintiff leave to amend. Subsequently, Plaintiff received several extensions of time to amend her complaint.  Defendant now moves to dismiss Plaintiff's Second Amended Complaint for failure to state a claim. Following careful consideration of Plaintiff's multiple filings, the Court remains unable to fathom the contours of the dispute.  Defendant's Motion to Dismiss will therefore be granted.

### I.    Factual and Procedural Background:

Plaintiff filed two complaints against Moore College of Art and Design (Moore), one in federal court (21-3658) and one in the Court of Common Pleas of Philadelphia County (removed

and docketed at 21-4177).  Moore removed the case originally filed in state court to federal court

and this Court granted Moore's motion to consolidate the two cases, as they raised the same claims.

ECF 1, ECF 9 (21-4177).[1]

Plaintiff's daughter was a student at Moore College.  Plaintiff appears to dispute her

daughter's termination from Moore and seeks the release of her daughter's transcript and a refund

of any borrowed parent and/or direct plus loans owed to her.  *See* Am. Compl. at 5, ECF 3 (21-

3658) ("I would like the federal court to order Moore College of Art and Design to release my

daughter['s]. . . official transcript [and] I want to be refunded for whatever loans were not used on

my daughter's college expenses."); Second Am. Compl. ("SAC") at 4-5, ECF 17 (raising same

requests).  Plaintiff complains about Moore's administration of federal financial aid loans spanning

a time period from January 2016 through December 2017.  SAC at 1, ECF 17.

Moore filed a Motion to Dismiss for failure to state a claim, which the Court granted.  ECF

10.  In so doing, the Court granted Plaintiff leave to amend within thirty days, directing her to file

one amended complaint restating all her claims with sufficient clarity for both the Court and

Defendants to understand, including "1) a description of each separate claim being made; 2) the

facts supporting each claim, and 3) a clear description of the precise remedy Plaintiff seeks."  ECF

10, 11.  Plaintiff then filed a series of documents, none of which were amended complaints under

the standards set forth in the Court's Order.  The Court granted Plaintiff a series of extensions in

time to file an amended complaint complying with Rule 8(a).  *See* ECF 13 (extension of thirty

days); ECF 16 (extension of final twenty days).

On January 18, 2022, Plaintiff then re-filed a document previously filed titled "Motion to

Deny the Defendant's the Right to Dismiss," this time handwriting "Amended Complaint" on the

---

[1] The Court's orders are docketed under both case numbers.  For ease of reference, all ECF citations in this memorandum are to the 21-4177 docket unless otherwise noted.

top of it.  SAC, ECF 17.[2]  The Court considers this document as Plaintiff's Second Amended Complaint.  Moore filed a Motion to Dismiss this Amended Complaint for failure to state a claim. ECF 18.  Having granted multiple extensions for Plaintiff to amend her complaint, and having reviewed a wide array of materials submitted by Ms. Jerry, I now dismiss Plaintiff's Second Amended Complaint with prejudice as it fails to state a claim upon which relief could be granted.

## II.   Standard of Review:

Plaintiff is pro se and filed her complaints *in forma pauperis*.  There is a clear, well-established "obligation to liberally construe a pro se litigant's pleadings," *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011), and pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, "[p]ro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

Motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) are governed by the well-established standard set forth in *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).[3]

---

[2] Plaintiff also emailed a substantially similar document with the heading "Amended Complaint/Response" typed at the top of the document to the Chambers email address on February 25, 2022.  ECF 26-1.

[3] Defendant's first Motion to Dismiss was on Rule 12(b)(6) and Rule 8 grounds.  ECF 5.  The instant Motion to Dismiss incorporates excerpts from its first Motion to Dismiss and cites Plaintiff's failure to comply with the Court's Orders directing her to file an amended complaint that complies with Rule 8.  It refers to Plaintiff's failure to file a "clear and comprehensible amended complaint" and argues that the Second Amended Complaint does not give Moore "fair notice of plaintiff's specific allegations, claims for relief, or the legal basis for such claims." Mot. to Dismiss at 6, ECF 18.  The Court therefore construes this Motion to Dismiss to be, like the first Motion to Dismiss, on the basis of both failure to state a claim under Rule 12(b)(6) and failure to comply with Rule 8.  Separately, the Court has authority to screen pro se cases brought *in forma pauperis* under 28 U.S.C. § 1915(e). *Grayson v. Mayview State Hosp.,* 293 F.3d 103, 113 n. 19 (3d Cir.2002) (non-prisoner indigent plaintiffs are "clearly within the scope of § 1915(e)(2))".

A complaint may also be dismissed for failing to comply with Federal Rule of Civil Procedure 8.[4]  *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019).  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The courts are "more forgiving of pro se litigants for filing relatively unorganized or somewhat lengthy complaints." *Garrett*, 938 F.3d at 92.  Nonetheless, "[f]undamentally, Rule 8 requires that a complaint provide fair notice of what the ... claim is and the grounds upon which it rests." *Id*. (cleaned up).   The Court must consider whether the pro se complaint's language "presents cognizable legal claims to which a defendant can respond on the merits." *Id*. at 94.

## III.    Discussion

The Court has independently reviewed the filings and, unfortunately, notwithstanding the Court's obligation to construe pro se filings liberally, it cannot discern the essence of the dispute. Plaintiff appears to challenge certain federal education loans.  The Second Amended Complaint asserts that she seeks to prove that Moore "borrowed more parent/direct plus loans" than were needed.  ECF 17 at 1.  Plaintiff also notes that she is "not suing based on a federal student loan case, rather a parent-direct/plus loan." *Id*.  As to claims personal to Plaintiff, she has filed a copy of her credit report, but that shows that all education loans are marked "paid/closed" or

---

[4] In the Court's Order granting Plaintiff leave to amend, the Court directed Plaintiff that to the extent that she is alleging fraud, she must meet a heightened pleading standard under Federal Rule of Civil Procedure 9(b), which provides that "a party must state with particularity the circumstances constituting fraud or mistake." *See Kaul v. Christie*, 372 F. Supp. 3d 206, 229 (D.N.J. 2019), appeal dismissed, No. 19-1651, 2019 WL 4733531 (3d Cir. June 20, 2019) (finding that pro se plaintiffs with fraud claims are not exempt from Rule 9(b) requirements).  As the Third Circuit has explained, a plaintiff alleging fraud must therefore support its allegations "with all of the essential factual background that would accompany the first paragraph of any newspaper story—that is, the who, what, when, where and how of the events at issue." *In re Rockefeller Ctr. Props., Inc. Securities Litig*., 311 F.3d 198, 217 (3d Cir. 2002) (cleaned up).  Plaintiff's Second Amended Complaint states that she is "bringing this lawsuit for education fraud," so it appears that some of her claims may be based on allegations of fraud and subject to the heightened pleading standard. SAC at 5, ECF 17.

"transferred/closed" indicating that she paid off or successfully contested her education debts.[5]
ECF 19 at 4. An additional credit report was attached to an email Plaintiff sent to Chambers. ECF
24-3. This report indicated some open education loans, none of which were overdue or in
collection. Critically, Moore is not identified as a creditor on either credit report. Thus, it is not
clear that Moore is a proper party for claims related to this debt. Plaintiff actually appears to
contradict what is set forth in her credit report: she does not allege that she paid off the loans but
hasn't been given credit, but queries in her SAC, "How are these loans suddenly, non-existent
when I have copies . . . on my credit report I have." ¶ 4B; *see also* Email to Chambers, Feb. 25,
2022, ECF 25 (stating "since submitting a copy o[f] my credit report from Experian, I have found
that somehow, my direct plus loans were paid-in-full… I did not have $150,000 or so to pay this
off"). These contradictory and muddled allegations do not give Moore notice of the claims against
it and they fail to state a plausible claim for relief. And even if one tries to interpret the allegations
in light of other materials from Ms. Jerry, no coherent narrative appears that would be sufficient
to state a claim.[6]

The Second Amended Complaint also alleges that Moore is withholding her daughter's
transcript due to an outstanding balance. ¶ 5. The disputed amount is not clear to the Court (or
seemingly to Plaintiff), with the Second Amended Complaint referring to a balance of $7,777,
offset by an allegation that the balance was decreased to approximately $1,000. *Id.* at ¶ 4A. Aside

---

[5] Plaintiff's credit report was referenced in her Second Amended Complaint. ¶ 4B, ECF 17. Documents
"*integral to or explicitly relied* upon in the complaint" may be considered "without converting the motion
[to dismiss] into one for summary judgment." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410,
1426 (3d Cir. 1997) (emphasis in original).

[6] The Court has reviewed Plaintiff's numerous filings and attempted to comprehend her Second Amended
Complaint through the prism of these other communications and exhibits. To the extent that I have
considered Plaintiff's such submissions, which have been docketed, it was for the limited purpose of trying
to discern whether there is some plausible basis on which she might state a claim for relief.

from this lack of clarity, to the extent that Plaintiff is asserting claims related to her daughter's

direct student loans and withheld transcript, such claims would be her daughter's claims to bring,

and Plaintiff lacks standing.  *See Sessions v. Morales-Santana*, 137 S. Ct. 1678, 1689 (2017)

("Ordinarily, a party must assert his own legal rights and cannot rest his claim to relief on the legal

rights ... of third parties.") (cleaned up).[7]

Finally, Plaintiff's Second Amended Complaint contains a section titled "Claim of Relief."

¶ 9A.   Therein, Plaintiff lists claims for breach of attorney client privilege under the Sixth

Amendment, cruel and unusual punishment under the Eighth Amendment, and violation of due

process under the Fourteenth Amendment.  *Id.*  Plaintiff also includes a claim for race and gender-

based discrimination against her and/or her daughter under the First Amendment, which this Court

construes to be brought under the Fourteenth Amendment.  *Id.*  Plaintiff's Fourteenth and Eighth

Amendment constitutional claims fail to state a claim because Plaintiff cannot maintain such

claims against a private party.  Moore is a private college, not a state actor.  *See Leshko v. Servis*,

423 F.3d 337, 339 (3d Cir. 2005) (Fourteenth Amendment "governs only state action, not the

actions of private citizens or organizations."); *Browning-Ferris Industries of Vt., Inc. v. Kelco

Disposal, Inc.*, 492 U.S. 257, 275 (1989) ("[T]he Eighth Amendment places limits on the steps a

government may take against an individual ...").  Moreover, the substance of the allegations under

---

[7] This rule is not absolute, but the circumstances allowing for third-party standing are not present here. "[T]hird-party standing requires the satisfaction of three preconditions: 1) the plaintiff must suffer injury; 2) the plaintiff and the third party must have a 'close relationship'; and 3) the third party must face some obstacles that prevent it from pursuing its own claims." *In re Majestic Star Casino, LLC*, 716 F.3d 736, 748–49 (3d Cir. 2013) (internal citation omitted); *see also Powers v. Ohio*, 499 U.S. 400, 411 (1991).  Here, Plaintiff has not adequately pleaded her own injury or any obstacles preventing her daughter from pursuing these claims.

In addition, it appears from the pleadings that Plaintiff's daughter is an adult, as she was enrolled in college. If she in fact remains a minor, Plaintiff would still not be entitled to represent her daughter's interests, as she is proceeding pro se and pro se litigants may not represent their children in federal court.  *See Osei-Afriyie by Osei-Afriyie v. Med. Coll. of Pennsylvania*, 937 F.2d 876, 883 (3d Cir. 1991).

the Eighth Amendment, in addition to be inadequately pleaded, appear to largely sound in state tort law, which this Court lacks jurisdiction to consider.  Plaintiff is not involved in a criminal prosecution, so her Sixth Amendment right to counsel is not implicated.  U.S. CONST. amend. VI. (beginning with the language "[i]n all criminal prosecutions").  In addition, Plaintiff is proceeding pro se, so there are no issues of attorney-client privilege presented.

Despite careful review, the fragmented facts provided by Plaintiff do not supply sufficient clarity or set forth plausible claims for relief.  Having already provided Plaintiff with an opportunity to amend and state her claims with sufficient clarity and having considered her multiple other submissions because of her pro se status, I deem it appropriate to dismiss the complaints with prejudice, because it would be prejudicial to Defendant to have to continue to litigate these claims.  *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) ("Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility.").  Moore College of Art is not a governmental entity, but rather a private, non-profit educational institution, and its costs in continuing to defend are appropriately considered where Plaintiff has been provided both time and opportunity to state a case.  The Third Circuit has also specifically noted that "dismissals with prejudice may be appropriate where," as here, "the repleading does not remedy the Rule 8 violation."  *Alston v. Parker*, 363 F.3d 229, 234 n. 7 (3d Cir. 2004).

## IV.    Conclusion:

For the reasons set forth above, Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint will be granted.  An appropriate order follows.

/s/ Gerald Austin McHugh
United States District Judge